**In re Theopholis THACKER d/b/a His and Hers Tavern, Debtor.**

**Bankruptcy No. 84 B 14266.**

United States Bankruptcy Court, N.D. Illinois, E.D.

April 3, 1985.

---

Lawrence W. Korrub, Chicago, Ill., Counsel for debtor.

## ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Application filed by LAWRENCE W. KORRUB, counsel for Debtor THEOPHOLIS THACKER, for final compensation and reimbursement of expenses, and the Court having considered the record in this case, and having afforded the parties an opportunity for hearing, and being fully advised in the premises:

The Court Finds:

1. Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 9, 1984.

2. Debtor's counsel, LAWRENCE W. KORRUB, filed a Petition For Attorney's Fees on February 6, 1985, requesting compensation of $2,190.00 and reimbursement of $60.00 out-of-pocket expenses.

3. Bankruptcy Rule 2016 contains the following statement with reference to applications for interim compensation and reimbursement of expenses:

COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

(a) *Application for Compensation or Reimbursement.* A person seeking in-

terim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a *detailed* statement of (1) the services rendered, time expended and expenses incurred, and

(2) the amounts requested. An application for compensation *shall* include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other person. (emphasis added)

The provisions of this rule expressly apply to both *legal* and *accounting* firms. The detail required in applications for compensation, refers both to the description of professional services rendered, and to the description of the nature of the out-of-pocket expenses incurred by an applicant.

■ The Court has a duty to review applications for compensation and reimbursement of expenses, and to determine that the services and expenses incurred were *actually* rendered and *reasonably* incurred by the applicant. *In re Wilson Foods Corp.*, 36 B.R. 317, 320 (Bankr.W.D.Okla. 1984); *In re Werth*, 32 B.R. 442, 444–45 (Bankr.D.Colo.1983). An applicant's submission of a thorough and detailed applica-

tion for compensation and reimbursement of expenses will aid the Court immeasurably in its reviewing process, and permit the Court to intelligently assess the reasonableness of the application prior to the hearing on compensation.

■ An applicant's description of professional services rendered should contain the following features. The application should separately detail the professional services rendered by each of its professional or paraprofessional employees, on a *daily* basis. In addition, the description should be set in chronological order, so the Court can examine *all* of the activities of *each* of the applicant's employees on a single day, and determine whether there has been unnecessary duplication of effort among the employees of the firm, or other firms.

■ Regarding the *description* of the services rendered, the applicant should provide the Court with enough information regarding what each of its employees has done for the Debtors on a given day, to permit the Court to determine the reasonableness of the services rendered from the face of the application. The optimal way to do this, is by providing the Court with a line-by-line description of the tasks performed by each professional employee, and the time incurred by the employee on *each* task. A hypothetical example of a task-by-task time summary is as follows:

| Date | Attorney | Description | Time |
|------|----------|-------------|------|
| 9/20 | Smith | Telephone conference with counsel for mortgagee: XYZ Lender, Inc. re pre-petition arrearage | .3 |
| | Smith | Drafted response to Motion summary judgment in 83A2029 | 1.4 |
| 9/21 | Smith | In-court hearing on motion to lift stay filed by XYZ Lender, Inc. | 3.6 |

Further examples of the form of a task-by-task time summary are set out in the case of *In re Nation/Ruskin, Inc.*, 22 B.R. 207 (Bankr.E.D.Pa.1982).

■ Fee applications shall contain *one* recapitulation of the hourly rates *and* the time expended *and* the total interim com-

pensation requested by each professional or para-professional employed by the applicant. Fee applications shall contain a recapitulation of the out-of-pocket expenses incurred by counsel.

Time summaries which are drafted in the above form will provide the Court with information necessary to review of the reasonableness of the fee applications submitted to the Court in cases of this type. The net result should be fair and prompt compensation to the professionals serving estates of this kind.

The Court has this comment regarding requests for reimbursement of expenses. In the Court's view, out-of-pocket expenses can be divided into two broad categories: those which traditionally are considered part of a professional firm's overhead; and those which are not.

■ "Overhead expenses" have been held to include, but are not limited to, library expense, rent and utility expense, secretarial and clerical expense, office supply expense, telephone expense, and the local commuting and meal expenses of individual employees. *See In re Global International Airways Corp.*, 38 B.R. 440, 444 (Bankr.W.D.Mo.1984) (disallowed secretarial expense claim); *In re Rego Crescent Corp.*, 37 Bankr. 1000, 1009, 1012, 1018 (Bankr.E.D.N.Y.1984) (disallowed request for allowance of local transportation, library, secretarial and in-town meal expense); *In re Horn & Hardart Baking Co.*, 30 Bankr. 938, 942 (Bankr.E.D.Pa. 1983) (disallowed request for allowance of clerical, support staff expense). These expenses have a common characteristic in that they are incurred by the firm on a day-to-day basis, no matter whom it represents. A law firm or accounting firm will require, for example, a permanent secretarial and clerical staff. The traditional way to spread these kinds of daily expenses among *all* the firm's clients is for the firm to structure its hourly rates to take such expenses into consideration. Where a firm seeks to charge a *single* client, particularly one in bankruptcy, for expenses which are treated as overhead expenses by most oth-

er law firms, the natural inclination of the Court is to consider 1) that the firm's hourly rates are unreasonably high; and 2) that the firm is attempting to charge the debtors for expenses actually incurred in the service of other clients. Fee applicants are hereby cautioned against the practice of including in their application requests for reimbursement of expenses, which should be absorbed as part of the firm's overhead.

■ Compensable out-of-pocket expenses are those which can be clearly and fairly charged to the Debtors. Court fees, transcription fees, out-of-town travel expenses, delivery service, long-distance telephone calls and postage expenses, are examples of expenses which can be clearly traced to an applicant's representation of Debtors, as opposed to the firm's other clients.

■ The Court is concerned regarding entries for "word processing" expense. Many secretaries, including the Court's own secretary, operate sophisticated word processing machines. The applicant should be prepared to make a record, either in its application or at the hearing on fees, that it is not seeking reimbursement of ordinary secretarial costs.

■ The Court is also concerned with reference to requests for reimbursement of "secretarial overtime" expense. Parties seeking reimbursement of these expenses should establish of record, in their applications and in their oral presentations to the Court, that this expense was incurred solely as a result of the firm's representation of Debtors.

If the firm has temporarily taken on too much business, and is required to either expand its support staff or cause existing staff to work overtime, then *all* the firm's clients should share the cost of expansion or overtime, by factoring such expenses into the firm's hourly rates. The firm should not attempt to pass such expansion costs to a single client, particularly one in bankruptcy.

On the other hand, where the increase in secretarial work is temporary, and is

caused by the firm's representation of these estates, then the firm should make these facts appear of record and it will be awarded its actual out-of-pocket expenses incurred.

In general, all requests for reimbursement of expenses should be itemized in full, and *legible* copies of the receipts for such expenses will be filed with the Court by the requesting party. Respecting those expenses for which receipts are not usually generated (*e.g.* photocopying expenses), the Application shall include a breakdown of the *actual* cost incurred by the applicant for such expenditure. This kind of information should be readily available to the applying firms.

The admonishments contained above are directed to all parties who file applications for interim compensation and reimbursement of expenses with reference to cases pending before this Court. The Court, in stating these requirements and guidelines, does not mean to imply that the administrative costs incurred to date herein are excessive, in relation to the complexity and extent of the litigation involved in cases of this type.

■ The Bankruptcy Rules require the submission to the Court of detailed records as a prerequisite to an award of interim compensation and reimbursement of expenses. Bankruptcy Rule 2016. These detailed records will greatly ease the burdensome task of reviewing these applications for compensation and reimbursement of expenses. The attorney and paralegal time reasonably required to generate these detailed time and expense records is compensable. *Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088, 1093 (5th Cir.1980).

■ 4. The Petition For Attorney's Fees filed by LAWRENCE W. KORRUB in this case does not contain a sufficient description of the nature of the services rendered to warrant an allowance of $2,190.00 compensation at this time. Applicant is allowed 30 days' leave to file a Supplement to its Application consistent in form with the guidelines noted above. Upon the fil-ing of such a Supplement the Court will take the matter under advisement without further hearing and issue a decision by mail.

5. This cause constitutes a core proceeding. 28 U.S.C. § 157.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that LAWRENCE W. KORRUB be, and the same is hereby granted 30 days' leave to file a Supplement to his Petition For Attorney's Fees filed in this case, and the Court, following the receipt of such a Supplement, shall take this matter under advisement without further hearing and issue a decision by mail.