### In re ISLAND HELICOPTER CORP., Debtors.

**Bankruptcy No. 884–40676–18.**

United States Bankruptcy Court, E.D. New York.

Sept. 11, 1985.

Burns Summit Rovins & Feldesman, New York City, for Official Committee of Unsecured Creditors.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for debtor.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

On May 28, 1985 Burns Summit Rovins & Feldesman ("Burns Summit"), counsel to the creditor's committee in the captioned case, submitted an interim application seeking, *inter alia,* reimbursement of its expenses for the period September 1, 1984 through January 1, 1985. Burns Summit's application indicated that its reimbursable expenses for this period totalled $7,405.70. These expenses were itemized as follows:

| | |
|---|---|
| Photocopying | $3,824.60 |
| Federal Express | 1,221.20 |
| Special Messengers | 850.75 |
| Conference Expense | 1,031.42 |
| Postage Fees | 121.25 |
| Telephone | 45.38 |
| Cab Fare | 231.10 |
| Secretarial Overtime | 80.00 |

A hearing on Burns Summit's request was held on June 6, 1985 and the court reserved decision on whether these expenses are reimbursable.

## DISCUSSION

Pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, the court may award creditor's committee counsel interim reimbursement for actual, necessary expenses. Before granting a law firm's request for reimbursement, the court has the duty to scrutinize the expenditures to assure that they are properly chargeable to the debtor's estate. *In re Boston & Maine Corp.,* 46 B.R. 990, 992 (D.Mass.1985); *In re Garnas,* 40 B.R. 140, 141 (Bankr.D.N.D. 1984).

In determining whether a particular expense is chargeable to the debtor's estate, the court must distinguish between "overhead" expenses, which are not reimbursable, and "out-of-pocket" expenses, which are. *In re Thacker,* 48 B.R. 161, 164 (Bankr.N.D.Ill.1985). Overhead expenses are those day-to-day operating costs which are incurred regardless of whom the law firm represents. *Id.* Common examples of these costs include library expenses,

rent and utility expenses and secretarial expenses. *Id.: In re Global International Airways Corp.,* 38 B.R. 440, 444 (Bankr.W.D.Mo.1984). Out of pocket expenses are those expenses which can clearly be traced and allocated to a particular client. *Thacker,* 48 B.R. at 164. Examples include court fees, transcription fees, out of town travel expenses, delivery service, long distance telephone calls and postage expenses. *Id.*

■ Generally, once a determination has been made that a particular outlay is an "out-of-pocket" expense, the court must then evaluate whether the outlay was reasonable and necessary. *Id.* The applicant has the responsibility to provide the court with sufficient information to make this evaluation. *In re American International Airways, Inc.,* 47 B.R. 716, 724 (Bankr. E.D.Pa.1985).

## I. PHOTOCOPYING EXPENDITURES

■ Photocopying is an expense which can be allocated to a particular client and is thus properly compensable as an out-of-pocket expense. *Thacker,* 48 B.R. at 165; *American International Airways, Inc.,* 47 B.R. at 725; *Garnas,* 40 B.R. at 141. In requesting reimbursement for photocopying, the applicant must document the number of copies and the actual cost of each copy. *Thacker,* 48 B.R. at 165; *American International Airways, Inc.,* 47 B.R. at 725. The applicant should also explain the purpose of the photocopying. *Id.; American International Airways, Inc.,* 47 B.R. at 725.

■ Burns Summit asserts that the photocopying expenditure of $3,824.60 was incurred in the reproduction of financial and legal documents for distribution to the 15–20 persons who attended each of the creditor's committee meetings. Burns Summit has provided a month-by-month breakdown of the photocopying which indicates that during the five month period for which they are requesting reimbursement, they reproduced 19,123 copies. They are charging 20 cents for each copy, which they assert is the amount they bill all their clients for this service.

The court, recognizing the need to keep creditor's committee members informed, concludes that Burns Summit reasonably and necessarily provided the information photocopied to those in attendance at the creditor's committee meetings. However, the court finds that their charge of 20 cents per page to reproduce these documents is not reasonable. The amount Burns Summit charges other clients for photocopying is not probative of the actual cost to Burns Summit of making the photocopies. The average commercial copy center charges between 8–15 cents per page for reproduction and collating documents. In-house photocopying should certainly be less expensive. *In re Rego Crescent Corp.,* 37 B.R. 1000, 1009 (Bankr.E.D.N.Y. 1984). Accordingly, in the absence of competent proof of the actual and necessary cost to Burns Summit of their photocopying, the court fixes the reasonable cost thereof at 10 cents per copy.

## II. CONFERENCE EXPENSES; CAB FARE; SECRETARIAL OVERTIME

■ The court must also deny Burns Summit's request for reimbursement for the cost of providing refreshments and lunch at conferences of creditors and other parties in interest. Personal expenses are not properly chargeable to the debtor's estate. *Accord, In re Sapolin Paints,* 38 B.R. 807, 11 B.C.D. 875, 878 (Bankr.E.D.N.Y.1984).

■ In addition, the court cannot grant Burns Summit's request for secretarial overtime and cab fare as they have provided no documentation establishing the need for, or purpose of, these expenditures.

The court finds that Burns Summit's application with reference to the remainder of their expenses to be reasonable and necessary and incurred in the performance of their duties to the creditor's committee and therefore approves reimbursement of said expenses.

SETTLE ORDER.