**In re J.A. & L.C. BROWN CO., INC.**

**Civ. A. No. 87–2393.**

United States District Court,
E.D. Pennsylvania.

June 23, 1987.

Donald M. Collins, Philadelphia, Pa., for petitioner.

### MEMORANDUM AND ORDER

VANARTSDALEN, Senior District Judge.

This appeal from a decision of the bankruptcy court arises from the closing stages of a Chapter 7 bankruptcy proceeding. At the close of the bankruptcy, all priority and general unsecured claims received 100% distribution, leaving a surplus in the estate in excess of $40,000. The trustee filed an application for compensation of his counsel pursuant to 11 U.S.C. § 330(a), requesting a final award of $5,980. No objection to the application was filed by any interested party, including the debtor. The bankruptcy court granted a reduced award of $4,211.50, 71 B.R. 197. The trustee's motion to amend the award was later denied and this appeal followed.

The trustee argues that, as a threshold matter, the court below lacked the authority to initiate a *sua sponte* review of the fee request. This argument is contrary to the plain language of the relevant statute, and is unsupported by the case law. Section 330(a)(1) provides:

After notice to any parties in interest and to the United States trustee and a hearing ... the court may award to a trustee, to an examiner, [or] to a professional person employed under section 327 or 1103 of this title ... reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney ... based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title.

The statute does not mandate the court's blind approval of a fee request whenever the request is unopposed by interested parties; it merely authorizes the court to pro-

vide for reasonable compensation based on a number of enumerated factors. The bankruptcy court acted properly in carefully reviewing the fee application to assure that the request met the requirements of section 330(a)(1). *See Matter of Liberal Market, Inc.,* 24 B.R. 653 (Bankr.S.D.Ohio 1982) and cases cited therein.

The cases relied on by the trustee do not require a different result. The trustee accurately notes that research reveals "no reported cases in which Trustee's Counsel was not paid the full amount of requested fees, where there has been a 100% distribution. *In re Bible Deliverance Evangelistic Church,* 39 B.R. 768 (Bankr.E.D.PA.1984); *Rose Pass Mines, Inc. v. Howard,* 615 F.2d 1088 (5th Cir.1980)." Brief on Appeal of Trustee, *In re J.A. & L.C. Brown Co., Inc.,* Civil Action 87–2393 at 8. The trustee is incorrect in assuming, however, that merely because award requests are ordinarily granted in full in such circumstances, a court is without authority to reduce such requests should the facts so require. Indeed, in each of the cases cited by the trustee, the courts carefully reviewed the applications to determine whether the requests were reasonable and otherwise proper before approving the requests. Judge Fox followed the same course in this case.

■ While I agree in principle with the bankruptcy court's decision to conduct a review of the application, certain results of that review require a remand of this case for further consideration of specific reductions made by the court. In its opinion denying the trustee's motion to amend,[1] the bankruptcy court stated that no hours were allowed for time spent preparing the fee application. Although the courts are split on the issue of whether such time is includible in a fee award, the approach adopted by the court in *In re Bible Deliverance* is, in my view, the better approach. *Compare*

*Matter of Boston and Maine Corp.,* 51 B.R. 995, 998 (Bankr.D.Mass.1985) (not allowable in reorganization proceedings); *Matter of Liberal Market,* 24 B.R. at 661 (not allowable) *with In re Nucorp Energy, Inc.,* 764 F.2d 655, 658–659 (9th Cir.1985) (allowable); *Rose Pass Mines, Inc. v. Howard,* 615 F.2d 1088, 1092–1093 (5th Cir. 1980) (allowable). In *Bible Deliverance,* the bankruptcy court held that compensation for time spent preparing a fee petition was proper where the debtor is solvent and all creditors' claims have been satisfied in full. The court analogized such situations to actions under other statutory fee provisions which are ordinarily interpreted to include compensation for preparation of fee petitions. 39 Bankr. at 773; *see Prandini v. National Tea Company,* 585 F.2d 47, 52–53 (3d Cir.1978) (fee petition time allowable in statutory fee award cases generally). Under the *Bible Deliverance* rule, the time expended in preparation of the fee petition in this case is compensable, provided it was reasonable and otherwise proper.

■ The bankruptcy court also made reductions for time attributable to (1) activities which appeared to be within the scope of the trustee's duties, (2) services which were not specifically described as legal work in the time sheet entries, (3) a portion of intra-office conferences, and (4) services to be provided in the future in closing the case. The court also reduced the hourly rate allowed for the counsel's paralegal from $55 per hour to $50 per hour. Although each of these reductions may have been proper as a legal matter, the court did not specifically identify the number of hours or the substance of the services which were disallowed. In making reductions in fee requests, specific findings regarding the nature of and reasons for reductions should be made. *See Daggett v. Kimmelman,* 811 F.2d 793, 797 (3d Cir.

---

**1.** The motion to amend was filed on January 27, 1987. Federal Rule of Civil Procedure 59(e) provides that such motions must be served no later than ten days after entry of judgment. In calculating the running of these ten days, intermediate Saturdays and Sundays are excluded. Fed.R.Civ.P. 6(a). The motion appears to have been "served" within the ten-day period, which

began on January 16, 1987, and ended on January 30, 1987, when the clerk of the court on January 29, pursuant to the judge's order, mailed notice of a hearing on the motion and a copy of the order requiring an answer to the motion. Bankruptcy Docket Entry Nos. 52, 53. *See Napier v. Delaware, Lackawanna and Western Railroad Co.,* 223 F.2d 28, 30 (2d Cir.1955).

1987). Where, as in this case, the court has carefully reviewed an application, the further step of expressly setting forth the specific reductions by hours is not overly burdensome. *See Bible Deliverance*, 39 B.R. at 778–781 (listing each entry disallowed with the reason for the disallowance).

The trustee argues that a hearing should have been held by the bankruptcy court to allow the trustee to present further arguments and evidence in support of any objectionable items in the fee request. Given the fact that the fee request was reduced upon the court's own initiative, and in light of section 330(a)'s provision for a hearing, it may be appropriate upon remand to allow the trustee some further opportunity to present factual and legal arguments to the court with respect to the areas of reduction.

### ORDER

Upon consideration of the trustee's arguments on appeal, and after consideration of the record on appeal,

It is Ordered that the judgment of the bankruptcy court is vacated and the case is remanded for further proceedings consistent with this opinion.