**In re NATIONAL PARAGON CORPO-RATION, 4200 Mitchell Street, Philadelphia, Pa. 19128, Debtor.**

**Civ. A. No. 87–0492.
Bankruptcy No. 85–04645K.**

United States District Court,
E.D. Pennsylvania.

June 30, 1987.

Andrew N. Schwartz, Philadelphia, Pa., for appellant.

Charles M. Golden, Philadelphia, Pa., for Creditors Committee.

Joseph Simmons, Philadelphia, Pa., Deputy in charge Bky. Oper.

John J. Soroko, Philadelphia, Pa., for appellee.

MEMORANDUM AND ORDER

DITTER, Judge.

The law firm of Pincus, Verlin, Hahn & Reich, counsel for debtor in this bankruptcy action, have appealed the December 23, 1986, 68 B.R. 337, order of the bankruptcy court denying their motion for reconsideration of reimbursement of costs under section 330(a)(2) of the Bankruptcy Code. 11 U.S.C. § 330(a)(2). Specifically, the question presented is whether the bankruptcy court abused its discretion in denying, except in extraordinary circumstances, reimbursement for actual, necessary expenses for photocopying, postage, and travel costs.

In holding that photocopying, postage, and travel expenses should ordinarily be included as overhead expenses, rather than section 330(a)(2) expenses, the bankruptcy court identified two policies supporting its position. First is the policy that compensation should be awarded only when the code expressly allows it in order to protect the interests of both the creditors and the debtor. While the code expressly allows "reimbursement for actual, necessary expenses," it does not specifically identify what this language includes. Thus, the "policy" of awarding compensation only when the code

expressly allows it does not illuminate the issue, it merely restates it.

Second is the policy against the appearance of "political patronage and cronyism" between bankruptcy judges and the small, specialized bar members who constantly come before them. This is a legitimate concern and requires a bankruptcy judge to examine expenses carefully in order to determine that they are actual and necessary, but it does not require the automatic exclusion of photocopying, postage and travel expenses, which are distinguished from overhead expenses such as rent, utilities and salaries because they are incurred on behalf of a particular client, and accordingly, have traditionally been expenses which are billed to that client. *See e.g. In re Island Helicopter Corp.*, 53 B.R. 71, 72–73 (Bankr.E.D.N.Y.1985); *In re Thacker*, 48 B.R. 161, 162–65 (Bankr.N.D.Ill.1984); *In re American International Airways, Inc.*, 47 B.R. 716, 724–25 (Bankr.E.D.Pa.1985); *In re Garnas*, 40 B.R. 140, 141 (Bankr.N.D. Dak.1984). *But see In re Pacific Express, Inc.*, 56 B.R. 859, 866 (Bankr.E.D.Cal.1985); *In re Nashville Union Stockyard Restaurant Co.*, 54 B.R. 391, 396 (Bankr.M.D. Tenn.1985); *In re Southern Industrial Banking Corp.*, 41 B.R. 606, 611–15 (Bankr.E.D.Tenn.1984); *In re Lafayette Radio Electronics Corp.*, 16 B.R. 360, 361 (Bankr.E.D.N.Y.1982).

Because I conclude that the automatic exclusion of these expenses was an abuse of discretion, I will remand this action to the bankruptcy court for a critical determination as to whether the photocopying, postage and travel expenses identified by appellant were actual and necessary, and, if so, to allow a reasonable compensation for all expenses which have been adequately supported. This approach to compensation under section 330(a)(2) will both encourage debtor's attorneys to undertake all expenses necessary for competent representation and will discourage duplicative, excessive, and unnecessary expenses which will not be compensable.