**In re NATIONAL PARAGON CORPORATION a/k/a Paragon Needlecraft.**

**Civ. A. No. 87–4134.**

United States District Court, E.D. Pennsylvania.

June 14, 1988.

Jonathan H. Ganz, Pincus, Verlin, Hahn and Reich, Philadelphia, Pa., for appellant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

The law firm of Pincus, Verlin, Hahn and Reich (Pincus, Verlin), counsel for the debtor, National Paragon Corporation, in this bankruptcy action appeals a June 10, 1987, order of the bankruptcy court granting, in part, its amended motion for reconsideration of a February 17, 1987, order of the bankruptcy court.

On October 31, 1985, National Paragon filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101–1174 (1982 & Supp. IV 1986). Thereafter, Pincus, Verlin was authorized to represent Paragon in connection with its corporate reorganization. On September 16, 1986, the bankruptcy court approved Paragon's plan of reorganization which provided for a one hundred percent payment to Paragon's creditors.

Prior to the confirmation of Paragon's plan of reorganization, the bankruptcy court ordered that Pincus, Verlin be allowed $86,297.10 as compensation for services rendered to Paragon and $1,423.30 as reimbursement of costs expended for the period October 31, 1985, through June 30, 1986. Pincus, Verlin filed a motion for reconsideration of the reimbursement award seeking $6,298.29 as its total costs. This motion for reconsideration was denied by the bankruptcy court. Pincus, Verlin appealed and I reversed and remanded for a determination of expenses.[1] Prior to my decision, however, Pincus, Verlin, filed an application with the bankruptcy court for final compensation and reimbursement of costs seeking $88,177.40 as additional final compensation[2] and $6,602.01 for costs for the period July 1, 1986, through September 16, 1986, in addition to the previously requested amount of $6,298.29 for costs for the period October 31, 1985, through June 30, 1986. Notice of Pincus, Verlin's application was served upon all creditors and interested parties, and none objected to the request.

On February 17, 1987, the bankruptcy court entered an order allowing $63,096.50 as final compensation to Pincus, Verlin for services rendered on behalf of National Paragon. The bankruptcy court denied Pincus, Verlin all reimbursement for costs. Pincus, Verlin then filed an amended motion for reconsideration of that order. On June 10, 1987, the bankruptcy court granted this amended motion in part, allowing Pincus, Verlin the additional amount of $11,711.76 as final compensation. No reimbursement for costs was allowed. Pincus, Verlin timely appealed that order. Because of my June 30, 1987, decision, only the bankruptcy court's treatment of Pincus, Verlin's request for $88,170.40 as final compensation and $6,602.01 as costs is at issue in this appeal.

Section 330(a) of the Bankruptcy Code provides that a bankruptcy court may award to the debtor's attorney:

1) reasonable compensation for actual necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and

2) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a). Pincus, Verlin contends that the bankruptcy court erred[3] in allowing it only $74,808.26[4] as final compensation under section 330(a)(1) rather than the requested $88,177.40. The firm argues that its requested compensation should have been granted in full since Paragon, its client, wishes to pay the fees requested, no creditor has objected to the payment, and Pincus, Verlin has achieved a highly successful result for Paragon in its reorganization. Pincus, Verlin further contends that the bankruptcy court erred in disallowing compensation for services rendered in intra-office conferences and in failing to articulate the portions of its fee application which were disallowed and the

---

1. *In re National Paragon Corporation,* 76 B.R. 73 (E.D.Pa.1987).

2. This amount is in addition to the $86,297.10 granted Pincus, Verlin by the bankruptcy court's order of September 2, 1986.

3. In its brief, Pincus, Verlin suggests that the bankruptcy court committed an "error of law" in disallowing it full compensation. Review by a district court of a bankruptcy court's fee award, however, is done on the basis of an abuse of discretion standard. A district court will reverse a denial of attorneys fee in a bankruptcy action only if the bankruptcy court has abused its discretion by failing to apply proper procedures or legal standards or by basing an award upon findings of fact that are clearly erroneous. *See, e.g., In re Ferkauf, Inc.,* 56 B.R. 774 (S.D.N.Y.1985); *In re Humbert,* 39 B.R. 643 (D.C.Ohio 1984).

4. $63,096.50 plus $11,711.76 = 74,808.26.

reasons for their disallowance. Finally, Pincus, Verlin argues that, under section 330(a)(2), the bankruptcy court erred in denying it the requested amount of $6,602.01 as costs.

■ In its June 10, 1987, opinion, the bankruptcy court noted that, even in cases where the client is satisfied with counsel's performance and no objections are raised to the fee petition, a bankruptcy court must, nonetheless, carefully review counsel's request for compensation. *In re National Paragon Corp.*, 74 B.R. 858, 864 (Bankr.E. D.Pa.1987). Pincus, Verlin does not dispute this, but argues that the bankruptcy court, after carefully reviewing its petition, erred in denying it full compensation. Since Paragon was satisfied with the result of counsel's services and no objections were raised to its fee petition, Pincus, Verlin argues that, as a matter of law, it is entitled to its full, requested compensation under section 330(a)(1).

■ I must reject Pincus, Verlin's argument. Review of a debtor's counsel's fee petition is left in the sound discretion of the bankruptcy court. *See, e.g., In re Benassi*, 72 B.R. 44 (D.Minn.1987). No matter how successful the results achieved by debtor's counsel, and despite the fact that no objections were raised to the fee petitions, it is still the province of the bankruptcy court to determine the appropriateness of requested compensation under section 330(a)(1). Given the fact that the bankruptcy court carefully reviewed Pincus, Verlin's fee request, denial of the full requested compensation, even when there are no objections to the fee request, does not constitute an abuse of discretion.

Pincus, Verlin contends, more specifically, however, that the bankruptcy court erred in disallowing compensation for intra-office conference time. The bankruptcy court stated that for all requested fees for intra-office conferences, it would allow compensation for such conference time

only once for all the conferees, measuring the rate at the average of the conferees' normal rates.[5] The bankruptcy court's decision to do so, as reflected in its opinion, was based on its concern that duplicative services not be compensated. Pincus, Verlin argues, however, that the time its lawyers spent in conference was not duplicative but, rather, constituted valid coordination of services for the ultimate benefit of National Paragon.

■ From a review of Pincus, Verlin's fee request, I find that there is no justification for the bankruptcy court's conclusion that the time spent by the debtor's lawyers in intra-office conferences was excessive. Moreover, the decision itself by the bankruptcy court to deny, across-the-board, full compensation for each lawyer's time spent in intra-office conferences constitutes an abuse of discretion. Using such an approach, the bankruptcy court does not consider the reasonableness of the requested time or the reasonableness of the conference itself. Rather, debtor's counsel is awarded only a fraction of the fees to which it may be legitimately entitled. While I share the bankruptcy court's concern that unnecessary intra-office conferences might result in the "padding" of fee requests, such conferences, nonetheless, facilitate the successful representation of a debtor in reorganization. Assuming, without any justification for doing so, that all requests for compensation for intra-office conferences are excessive is a clear abuse of discretion. I will, therefore, remand this action to the bankruptcy court for a determination of the reasonableness of the fees requested by Pincus, Verlin for intra-office conferences.

■ The bankruptcy court also disallowed all Pincus, Verlin's requested expenses under section 330(a)(2). In accord with my reasons set forth in *In re National Paragon Corp.*, 76 B.R. 73 (E.D.Pa. 1987), I find that the bankruptcy court's

---

5. Thus, as the bankruptcy court explained, if two lawyers with average rates of $150.00 and $125.00 confer for 1 hour, the court will compensate the applicant for 1 hour at $137.50 per hour. *In re National Paragon Corp.*, 74 B.R. at

859 n. 1. The bankruptcy court also noted that in extremely well-justified, extra-ordinary situations, it would allow full compensation to all participants in intra-office conferences. *Id.* at 865.

**14**

automatic exclusion of expenses constitutes an abuse of discretion. I will, therefore, also remand this action to the bankruptcy court for a determination as to whether the expenses requested by counsel were actual and necessary under section 330(a)(2).[6] *See also In re Donut Shops Management Corp.*, 77 B.R. 451 (E.D.Pa.1987).

An order follows.

### ORDER

AND NOW, this 14th day of June, 1988, for the reasons set forth in the accompanying memorandum, it is hereby ordered that the June 10, 1987, order of the United States Bankruptcy Court for the Eastern District of Pennsylvania is reversed and this action is remanded for a determination of fees and expenses.

---

**6.** Since I am remanding this case to the bankruptcy court for a determination of the reasonableness of Pincus, Verlin's requested fees and expenses, I will not address counsel's contention that the bankruptcy court failed to articulate explicitly the portions of the fee application which were disallowed and the reasons for their disallowance. I note, briefly, however, my agreement with Judge Donald Van Artsdalen that, in reducing or disallowing the fees requested by counsel in a bankruptcy action, the bankruptcy court should specifically identify the number of hours or substance of services which are reduced or disallowed and its reasons for doing so. *See In re J.A. & L.C. Brown Co., Inc.,* 75 B.R. 539, 540 (E.D.Pa.1987).