Ex parte Melvin L. **ROBERTS**, d/b/a
Roberts Oil Company, Debtor.

In re Melvin L. **ROBERTS**, d/b/a
Roberts Oil Company, Appellant,

v.

**PETROLEUM WORLD, INC.**, Appellee.

Civ. A. No. 87–2705–15.
Bankruptcy No. 84–00528.

United States District Court,
D. South Carolina,
Columbia Division.

March 21, 1988.

W. Ryan Hovis, Rock Hill, S.C., for appellant.

L. Campbell Tucker, Joseph Klutz, Charlotte, N.C., for appellee.

### ORDER

HAMILTON, District Judge.

This case is an appeal from an order entered by the United States Bankruptcy Court for the District of South Carolina (hereinafter "Bankruptcy Court"). Jurisdiction is founded upon 28 U.S.C. § 158(a). Appellant, Roberts, asserts that the Bankruptcy Court erred by finding Petroleum World's services substantially contributed to the debtor's reorganization and by awarding Petroleum World Three Thousand and No/100 ($3,000.00) Dollars for services rendered and One Hundred Seven-

ty-five and No/100 ($175.00) Dollars for expenses incurred in relation to the debtor's reorganization plan. 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4).

In its order, the Bankruptcy Court found that Petroleum World's successful effort to have the reorganization plan provide for the payment of pre and post-confirmation interest to unsecured creditors was "the result of extensive negotiations between Petroleum World and the debtor" and "was critical to confirmation of the plan". *In re Melvin L. Roberts*, No. 84–00528, Slip Op. at 3 (Bkrtcy. D.S.C. July 17, 1987). For the reasons below, the court affirms the Bankruptcy Court's finding that Petroleum World's services substantially contributed to the reorganization. However, because the court did not enunciate the factors for its ruling that Petroleum World was entitled to $3,000.00 in compensation for services and $175.00 for costs and because a review of the record fails to provide any insight as to any criteria employed by the Bankruptcy Court in determining which services were compensable and which services were non-compensable, the case must be remanded in order that the Bankruptcy Court may make specific findings in accordance with 11 U.S.C. § 503(b)(4). Bankr. Rule 8013.

This action was commenced by the debtor filing its petition for relief under Chapter 11 of the Bankruptcy Code on April 4, 1984. In his first plan of arrangement, filed October 19, 1984, the debtor listed approximately Two Hundred Sixty-four Thousand and No/100 ($264,000.00) Dollars of unsecured claims against the debtor. Petroleum World asserted a claim for Ninety-five Thousand and No/100 ($95,000.00) Dollars or approximately thirty-six (36%) percent of the unsecured claims. The debtor's initial plan of arrangement made no provision for the payment of either pre or post-confirmation interest to unsecured creditors. Because there was no provision for interest to unsecured creditors, Petroleum World objected to this plan. Throughout the entire bankruptcy proceeding, Pe-

troleum World asserted that "since the scheduled value of the debtor's equity in his property greatly exceeded the total amount of the claims of the debtor's unsecured creditor[s], 11 U.S.C. §§ 1129(a)(7) and 726(a)(5) required the debtor to pay interest on unsecured claims accruing through the date of confirmation; and that 11 U.S.C. § 1129(b)(2)(B)(i) required the payment of interest from the date of confirmation forward." Reply brief of appellant at p. 2.[1] Despite the clarity of the Bankruptcy Code regarding the debtor's obligation for pre and post-confirmation interest to unsecured creditors, the debtor steadfastly refused to submit a plan which would meet its obligations to these creditors. *See* plans of arrangement filed during the period of October 19, 1984 through October 30, 1986. The debtor submitted five amended plans of arrangement. Each amended plan made some adjustment for interest payments to unsecured creditors. However, it was not until the debtor submitted his fifth modified plan of arrangement that the debtor provided a plan which adequately addressed the unsecured creditors' concerns regarding interest payments. This plan was filed December 2, 1986, and confirmed one week later on December 9, 1986. Petroleum World then moved for an allowance of compensation for services rendered and reimbursement of expenses. 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4). Petroleum World sought Twelve Thousand Seven Hundred Ninety-nine and 60/100 ($12,799.60) Dollars in compensation for services and Five Hundred Thirty-eight and 42/100 ($538.42) Dollars for expenses. After a hearing on the matter, the Honorable J. Bratton Davis awarded Petroleum World $3,000.00 for services and $175.00 for costs. *In re Melvin L. Roberts*, at 4. Plaintiff noted his appeal of Judge Davis' order on July 28, 1987.

11 U.S.C. § 503 provides in pertinent part:

Allowance of Administrative Expenses.

. . . . .

---

**1.** The debtor has not disputed this assertion; instead, he argues that Petroleum World's services primarily benefited themselves and that

any benefit to other unsecured creditors is purely incidental.

(b) after notice and hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this Title, including—

. . . . .

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(D) A creditor, and indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under § 1102 of this Title, in making a substantial contribution in a case under Chapter 9 or 11 of this Title.

. . . . .

(4) Reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent and value of such services, and the cost of comparable services other than in a case under this Title and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4).

 As the above illustrates, the Bankruptcy Code allows the court to award compensation and expenses for professional services rendered by an attorney for a creditor when those services substantially contribute to the successful reorganization of a debtor. *See e.g., In re Windsor Communications Group, Inc.,* 54 B.R. 504 (Bkrtcy. E.D.Pa.1985); *In the matter of David Romano,* 52 B.R. 590 (Bkrtcy.M.D. Fla.1985); *In re W.G.S.C. Enterprises, Inc.,* 47 B.R. 53 (Bkrtcy.N.D.Ga.1985); *In re Richton Sportswear,* 15 B.R. 854 (Bkrtcy.S.D.N.Y.1981). Whether Petroleum World's services substantially contributed to the successful reorganization of the debtor is a question of fact. *Pierson &*

*Gaylen v. Creel & Atwood (Matter of Consolidated Bancshares, Inc.),* 785 F.2d 1249, 1253 (5th Cir.1986).[2] Such a finding must not be disturbed on appeal unless it is clearly erroneous. Bankr.Rule 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) quoting *United States v. United States Gypsum Company,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). "If the [fact finding court's] account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Anderson,* 470 U.S. at 573–574, 105 S.Ct. at 1511 (citations omitted).

 In this case, the Bankruptcy Court stated that the resolution of the dispute regarding interest was critical to the confirmation of the plan. This finding is plausible in light of the record viewed in its entirety. This court notes that the second amended plan of arrangement did not contain any clear provision for the payment of pre or post-confirmation interest to unsecured creditors. Petroleum World objected to this plan and the plan's confirmation was subsequently denied. *In re Melvin L. Roberts,* No. 84–00528 (Bkrtcy. D.S.C. September 9, 1985). After the second amended plan was not confirmed, Petroleum World continued to press its objection to any plan of reorganization that did not provide pre and post-confirmation interest. Only when the debtor eventually modified its plan of reorganization to contain this provision did

---

**2.** As the court in *Pierson* noted, "the phrase 'substantial contribution in the case' is derived from Bankruptcy Act §§ 242 and 243. It does not require a contribution that leads to confirmation of the plan, for in many cases, it will be a substantial contribution if the person involved uncovered facts that would lead to a denial of confirmation, such as fraud in connection with the case. H.R.Rep. No. 595, 95th Cong., 1st Sess. 355, *Reprinted in* 1978 U.S.Cong. & Ad. News 5787, 6311." *Pierson,* 785 F.2d at 1252 n. 2.

the Bankruptcy Court confirm the plan. *In re Melvin L. Roberts*, No. 85–00528 (Bkrtcy. December 9, 1986). The Bankruptcy Judge had dealt with this case since its inception and was intimately familiar with the impediments to confirmation. The Bankruptcy Court noted in its order, the debtor's difficulties in obtaining confirmation of his prior plans for reorganization were "due largely to Petroleum World's insistence that the debtor's plan provide for interest to be paid to the unsecured creditors pursuant to § 726(a)(5)." A review of the record indicates that Petroleum World's efforts to secure interest payments for *all* unsecured creditors was continuous throughout the pendency of this bankruptcy matter. *See* Motion for allowance of compensation for services rendered and reimbursement of expenses filed February 24, 1987. The record is devoid of any evidence that other unsecured creditors were prime movants in the effort to assure the payments of pre and post-confirmation interest. There is also evidence to support the proposition that Petroleum World was protecting the interests of all unsecured creditors rather than just its own interests. *See* Transcript, at p. 15, 11. 6–15; p. 18, 11. 7–16. It is particularly inappropriate for the debtor to complain about the substantial expenditure of time and money by Petroleum World in an effort to secure interest for unsecured creditors when this problem is one of the debtor's own making. Had the debtor provided interest to unsecured creditors in accord with the applicable statutes, neither the costs for compensation nor the expenses incurred by Petroleum World on behalf of itself and all other unsecured creditors would have been necessary. *See In re W.G.S.C. Enterprises, Inc.*, 47 B.R. 53, 56 (Bkrtcy. N.D.Ga.1985). The record indicates that Petroleum World's efforts may have resulted in as much as an additional Seventy–Five Thousand and No/100 ($75,000.00) Dollars in interest payments to the unsecured creditors. *See* Transcript, at p. 18, 11. 7–13.

Finally, the debtor's contention that compensation and expenses should be denied because Petroleum World's actions benefited itself as well as other unsecured debtors is, under the circumstances of this case, without merit. "Section 503(b)(3) and (4) authorizes compensation for legal services rendered in making a substantial contribution to a Chapter 11 case. 11 U.S.C. § 503(b)(3), (4). This is so even if the services rendered by counsel are for its client ... otherwise, creditor participation and reorganization might be discouraged." *In re Richton International Corporation*, 15 B.R. 854, 856 (Bkrtcy.S.D.N.Y.1981); *see also In re W.G.S.C. Enterprises, Inc.*, 47 B.R. 53 (Bkrtcy.N.D.Ga.1985).

The court notes that the services provided by Petroleum World and the expenses incurred were not those necessary to prosecute its individual underlying claim but rather were only those which would inure to the benefit of all unsecured creditors.

In sum, and for the reasons stated above, the Bankruptcy Court's account of the evidence and finding that the services and expenses incurred by Petroleum World in an effort to secure pre and post-confirmation interest for unsecured creditors substantially contributed to the reorganization plan is plausible in light of the record viewed in its entirety. *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511. Therefore, the Bankruptcy Court's finding of substantial contribution is not clearly erroneous and must be affirmed. *Id.*

"[B]ankruptcy courts have broad discretion in determining the amount of attorney's fees to be awarded and that exercise of discretion is not to be interfered with absent a showing that it has been abused." *Jefferson v. Mississippi Gulf Coast YMCA, Inc.*, 73 B.R. 179, 183 (S.D.Miss. 1986). In awarding compensation for services and expenses in this case, the Bankruptcy Court stated:

> The services rendered include charges for telephone calls, travel expenses, research, review, revisions, and the study of applicable law. Some of these charges do not appear to have contributed substantially to the debtor's successful reorganization.

*In re General Oil Distributors, Inc.*, *supra*, states that 'compensation should

not be awarded where the services were provided solely in order to benefit the creditor.... Thus, an incidental benefit to the estate or the estate's creditors will not provides [sic] the basis for an award from the estate.'

The benefits Petroleum World provided the estate also benefited Petroleum World.

## CONCLUSION

After consideration of the motion and the record herein, the court is of the opinion that the motion should be granted and that Petroleum World is entitled to judgment in the amount of $3,000 plus costs of $175.

AND IT IS SO ORDERED.

*In re Melvin L. Roberts,* at 4.

 The record on appeal indicates Petroleum World was the only unsecured creditor who zealously litigated the debtor's liability for pre and post-confirmation interest to unsecured creditors. Consequently, its efforts are primarily responsible for the results obtained and they are, for the reasons delineated *supra,* entitled to an award of compensation and expenses. 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4). However, the Bankruptcy Court did not delineate nor have the parties on appeal given this court any guidance in determining which services and/or expenses contributed substantially to the debtor's successful reorganization. 11 U.S.C. § 503(b)(4) delineates the factors that the court should consider when making an award of compensation and expenses. Although the Bankruptcy Court found that "some" of Petroleum World's services and expenses substantially contributed to the debtor's reorganization, it did not enunciate the factors upon which it relied in reaching this conclusion. Without the application of the proper statutory factors, this court simply cannot determine whether the amount of the Bankruptcy Court's award was appropriate. This issue must thus be remanded to the Bankruptcy Court, and upon remand, the Bankruptcy Court is directed to make specific findings regarding the amount of

the award in accordance with the factors delineated in 11 U.S.C. § 503(b)(4).

For the foregoing reasons, the court is of the opinion that the present appeal must be affirmed in part and remanded to the Bankruptcy Court for further findings. IT IS THEREFORE ORDERED that the present case be, and the same hereby is, affirmed in part and remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

IT IS SO ORDERED.