In re Alfred M. DECARBO, t/a Davis Supply Company, and Al Decarbo Corporation, t/a Davis Supply Company, Debtors.

BERNSTEIN & BERNSTEIN,
P.C., Appellant,

v.

Carlota M. BOHM, Trustee, Appellee.

Civ. A. No. 92–2276.

United States District Court,
W.D. Pennsylvania.

March 29, 1993.

Lisa A. Bookman, Pittsburgh, PA, for appellant.

Carlota M. Bohm, Pittsburgh, PA, for appellee.

Louis Pomerico, New Castle, PA, for debtor.

## MEMORANDUM OPINION

BLOCH, District Judge.

■ Presently before the Court is an appeal filed by Bernstein & Bernstein, P.C. (Bernstein), from a bankruptcy court order entered on November 9, 1992, by Bankruptcy Judge Joseph L. Cosetti. For the reasons stated below, Judge Costetti's November 9, 1992 order will be vacated and this case will be remanded back to the bankruptcy court for proceedings consistent with this Memorandum Opinion. In reviewing Judge Cosetti's order, this Court shall apply a clearly erroneous standard to findings of fact and conduct plenary review of legal conclusions. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222–23 (3d Cir.1989).

Bankruptcy Judge Cosetti applied an improper legal standard in his November 9, 1992 order. In allowing only $830 of Bernstein's fee application, from a total request of $13,585, Judge Cosetti relied upon two Third Circuit cases which are inapplicable to the instant case: *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3d Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988), and *Matter of Arkansas Co., Inc.*, 798 F.2d 645 (3d Cir.1986). The issues in these two cases related to professionals hired by the debtor and a committee of unsecured creditors to assist in the bankruptcy proceedings. In *Matter of Arkansas Co., Inc.*, the Third Circuit found that prior court approval is required for reimbursement of the professional's fees and expenses from the debtor's estate or, in the alternative, the court may grant retroactive approval if "extraordinary circumstances"

exist. Similarly, *F/S Airlease* denied retroactive approval of an aircraft lease broker hired by the debtor based upon the lack of prior court approval. In the instant case, Judge Cosetti found that no prior court approval was given to Bernstein nor were any extraordinary circumstances present to award such approval retroactively.

Judge Cosetti failed to distinguish the situations in *Matter of Arkansas Co., Inc.* and *F/S Airlease*, involving a committee of unsecured creditors and an assistant to the debtor, from the instant situation, involving attorneys for creditors. Under 11 U.S.C. § 503(b)(4), professional services are compensated from the debtor's estate if they were rendered by an attorney of an entity whose expenses are allowable under § 503(b)(3). Section 503(b)(3) provides that expenses shall be allowed for "a creditor that files a petition under § 303 of this title ... [or] a creditor ... in making a substantial contribution in a case under Chapter 9 or 11 of this title...." 11 U.S.C. §§ 503(b)(3)(A), (D). "Unlike the professional employed by a trustee, a debtor-in-possession or a creditor's committee, whose employment requires prior court approval, prior court approval is not required under § 503(b)." *In re Flight Trans. Corp. Securities Litigation,* 874 F.2d 576, 581 (8th Cir.1989). *See also In re Kenval Marketing Corp.,* 84 B.R. 32, 34 (Bankr.E.D.Pa. 1988); *In re Washington Lane Associates,* 79 B.R. 241 (Bankr.E.D.Pa.1987). "The sequence of appointment before compensation is significant in distinguishing [those] cases which were decided under § 503(b)(3). In such circumstances, appointment is not necessary and the requirements of § 327(a)[1] are inapplicable." *In re St. Joseph's Hospital,* 102 B.R. 416, 418 (Bankr. E.D.Pa.1989) (*citing Washington Lane, supra*).

■ Under 11 U.S.C. § 503(b), the proper question is whether the fee applicant has made a substantial contribution in a case under Chapter 9 or 11. *In re F.E. Freder-*

*ick Enterprises, Inc.,* 146 B.R. 360, 362 (Bankr.W.D.Pa.1992); *In re Sound Radio, Inc.,* 145 B.R. 193, 207 (Bankr.D.N.J.1992). "The criteria which must be satisfied to allow a recovery under § 503(b)(3)(D) are that the service for which compensation is sought must have benefitted the estate or all parties in the case; must have had a direct, significant, and demonstrable positive effect upon the estate; and must not have been duplicative of services performed by others." *In re FRG, Inc.,* 124 B.R. 653, 658 (Bankr.E.D.Pa.1991) (citations omitted).

"Substantial benefit" may also include services which foster and enhance rather than retard or interrupt, the process of reorganization or which directly benefit the reorganization of the estate.... [U]nless the creditor's attorney rendered services on behalf of the reorganization, not merely on behalf of his client's interest, and conferred a significant and demonstrable benefit to the debtor's estate and the creditors, recovery under § 503(b)(3)(D) and (b)(4) is precluded. *Frederick Enterprises,* 146 B.R. at 362 (*quoting In re General Oil Distributors, Inc.,* 51 B.R. 794, 806 (Bankr.E.D.N.Y. 1985)).

Judge Cosetti filed a supplemental memorandum opinion (Supplement) after this Court retained jurisdiction of this appeal. In the Supplement, Judge Cosetti recognized that the proper analysis is one of "substantial contribution." (*See* Supplement at pp. 3–4). However, after briefly discussing the substantial contribution test, Judge Cosetti stated that "the Court of Appeals for the Third Circuit has established a hard position on the importance of prior court approval. This court wishes more discretion was permitted by bankruptcy courts. However, that is not the law of the Circuit." (Supplement at p. 4).

■ Besides the fact that the Supplement may not represent the bankruptcy court's thinking and analysis during the proceedings which led to the November 9, 1992 order, the Supplement's conclusion

---

**1.** Title 11 U.S.C. § 327(a) requires that court-appointed professionals hired to carry out the trustee's duties "not hold or represent an inter-

est adverse to the estate [and] that [they be] disinterested persons...."

begs the question. Under 11 U.S.C. §§ 503(b)(3) and (b)(4), *prior court approval is not required.* The Third Circuit's holdings related to prior court approval are irrelevant to the instant analysis. What is relevant is the statute's requirement that the professional have made a "substantial contribution in a case under Chapter 9 or 11...." 11 U.S.C. § 503(b)(3)(D).

Judge Cosetti's November 9, 1992 order will be vacated and this case will be remanded to the bankruptcy court in order that the bankruptcy court can review Bernstein's application for fees under the proper standard.